UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NEO WIRELESS, LLC,
PATENT LITIGATION                                                         MDL No. 3034

**TRANSFER ORDER**

       **Before the Panel**:[*] Common plaintiff Neo Wireless, LLC (Neo), moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Texas. This litigation consists of seven actions pending in five districts, as listed on Schedule A. Responding defendants[1] filed a joint brief. Defendants Volkswagen, Nissan, Honda, and Ford oppose centralization, while the remaining defendants do not oppose centralization. If the Panel deems centralization appropriate, all responding defendants suggest the Eastern District of Michigan as transferee district.

       On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. At issue in this litigation are six patents owned by Neo in the field of wireless communication systems.[2] Neo alleges in all actions that the patents share common inventors and a common assignment history from Neocific, Inc. The patents are alleged to stem from a set of patent families describing improvements in wireless systems that have become relevant to the operation of 4G/LTE and 5G/New Radio cellular networks and compatible devices in the U.S. All accused infringers in these seven actions are automaker groups who are alleged to implement cellular communications technology into their vehicles, such as remote lock and unlock, remote start and remote start scheduling, parked vehicle location, remote fuel level checks, automatic collision notification, roadside assistance, and Wi-Fi hotspot. Neo alleges that, because

---

[*]      Judge Dale A. Kimball took no part in the decision of this matter.

[1]      Volkswagen Group of America Inc. and Volkswagen Group of America Chattanooga Operations, LLC ("Volkswagen"); Nissan North America Inc. and Nissan Motor Acceptance Corporation ("Nissan"); American Honda Motor Co., Inc. and Honda Development & Manufacturing of America, LLC ("Honda"); Ford Motor Company ("Ford"); Toyota Motor North America, Inc., Toyota Motor Sales USA, Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota"); Tesla, Inc. ("Tesla"); and General Motors ("GM").

[2]      The six asserted patents are: U.S. Patent No. 8,467,366, U.S. Patent No. 10,833,908, U.S. Patent No. 10,075,941, U.S. Patent No. 10,447,450, U.S. Patent No. 10,965,512, and U.S. Patent No. 10,771,302.

the patents all relate to fundamental aspects of LTE/4G and 5G/NR networks, the patents read directly onto LTE or 4G/5G technical standards. As a result, by complying with these standards, each defendant allegedly infringes the asserted patents. All actions thus can be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction, and/or issues of infringement involving the patents. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Opposing defendants principally argue that centralization in the Eastern District of Texas would be inconvenient. They also argue that (1) the litigation is not advanced enough to determine whether there are sufficient common factual questions to warrant centralization; (2) cooperation among the parties is a preferable alternative to centralization; and (3) plaintiff is using Section 1407 to engage in forum shopping. We do not find these arguments persuasive.

It is true that these cases are in their earliest stages, but we can observe already that the patents and claims asserted in these actions overlap completely. While there may be variations in the specific wireless features used in defendants' vehicles, all defendants are in the same industry with similar allegedly infringing products, and all are alleged to have infringed the same patents merely by implementing LTE or 4G/5G standards.[3] We have held that infringement allegations concerning the implementation of certain industry standards weigh in favor of centralization.[4] Moreover, the common early procedural posture among the actions will facilitate their efficient coordination.

We find that the most efficient management of these complex patent cases likely cannot be accomplished through informal coordination. Centralization offers substantial savings in terms of judicial economy by having a single judge become acquainted with the complex patented technology and construing the patent in a consistent fashion (as opposed to having five judges separately decide such issues).

Finally, we are not persuaded by defendants' accusations of forum shopping. Defendants do not argue that venue is not proper in any of the filed actions. Opposing defendants' arguments against centralization primarily are aimed at their contention that centralization in the Eastern District of Texas would be inconvenient. But we have found that transfer is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if it might cause inconvenience or delay to some parties. *See, e.g., In re Crown Life Ins. Premium Ins. Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

---

[3]  *See, e.g.,* Compl., *Neo Wireless LLC v. Tesla Inc.*, C.A. No. 2:22-00095, ECF No. 1, at ¶ 46 (E.D. Tex. Mar. 29, 2022).

[4]  *See, e.g., In re Rembrandt Techs., LP, Patent Litig.*, 493 F.Supp.2d 1367, 1369 (J.P.M.L. 2007).

- 3 -

We find the Eastern District of Michigan to be an appropriate transferee district for this litigation. Two defendants are headquartered there, and defendants represent that most remaining defendants have a substantial presence there. Detroit, Michigan, is a convenient and easily accessible location, and centralization in this district before Judge Terrence G. Berg allows us to assign this litigation to a jurist who has not yet had the opportunity to preside over an MDL. We are confident in his ability to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Terrence G. Berg for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Madeline Cox Arleo | |

**IN RE: NEO WIRELESS, LLC,**
**PATENT LITIGATION**                                         MDL No. 3034

## SCHEDULE A

Western District of Missouri

NEO WIRELESS, LLC v. FORD MOTOR COMPANY, C.A. No. 4:22−00210

Southern District of Ohio

NEO WIRELESS, LLC v. AMERICAN HONDA MOTOR CO., INC., ET AL.,
C.A. No. 2:22−01824

Eastern District of Tennessee

NEO WIRELESS, LLC v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
C.A. No. 1:22−00076

Middle District of Tennessee

NEO WIRELESS, LLC v. NISSAN NORTH AMERICA, INC., ET AL.,
C.A. No. 3:22−00220

Eastern District of Texas

NEO WIRELESS, LLC v. TOYOTA MOTOR NORTH AMERICA, INC., ET AL.,
C.A. No. 2:22−00093
NEO WIRELESS, LLC v. GENERAL MOTORS COMPANY, ET AL.,
C.A. No. 2:22−00094
NEO WIRELESS, LLC v. TESLA INC., C.A. No. 2:22−00095